Filed 8/31/23  P. v. Thomas CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>WENDELL RAY THOMAS,<br><br>　　　Defendant and Appellant. | B324557<br><br>(Los Angeles County<br>Super. Ct. No. VA089835) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Affirmed.

　　　Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No Appearance for Plaintiff and Respondent.

_____

**MEMORANDUM OPINION**[1]

Defendant Wendell Ray Thomas appeals the trial court's denial of his petition for resentencing pursuant to Penal Code[2] section 1172.6 (former § 1170.95[3]).  We find no error and affirm.

## A.  Procedural Background

An amended information, filed on February 15, 2006, charged Thomas with attempted willful, deliberate, and premeditated murder in violation of sections 187, subdivision (a) and 664, and specially alleged he personally discharged a firearm causing great bodily injury to the victim, in violation of section 12022.53, subdivisions (b) through (d) (count 1).  The amended information also charged Thomas with possession of a firearm by a felon, in violation of section 12021, subdivision (a)(1) (count 2).

After trial, the jury found Thomas guilty of attempted murder as charged in count 1 but found not true the special allegation that he acted willfully, deliberately, and with premeditation.  The jury found true the special allegations that Thomas personally used a handgun in violation of section 12022.53, subdivision (b) and that Thomas personally and intentionally discharged a handgun causing great bodily injury to

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application."  (Cal. Stds. Jud. Amin., § 8.1(1).)

[2] All unspecified statutory references are to the Penal Code.

[3] The Legislature renumbered the statute as section 1172.6, with no change in text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For ease of reference, we use the current citation at section 1172.6 throughout this opinion.

the victim within the meaning of section 12022.53, subdivisions (c) and (d), in connection with the attempted murder. The jury also found Thomas guilty on count 2. The trial court sentenced Thomas to the aggregate prison term of 34 years to life. Thomas appealed, and we affirmed the judgment of conviction. (*People v. Thomas* (May 11, 2009, B205449) [nonpub. opn.].)

On March 8, 2022, Thomas filed a petition for resentencing under section 1172.6 and requested appointment of counsel. The trial court appointed counsel for Thomas. After further briefing from both parties, and without holding an evidentiary hearing, the trial court concluded that Thomas was ineligible for relief as a matter of law because the record of conviction showed that he was the actual shooter and had a specific intent to kill.

Thomas then appealed. We appointed counsel to represent Thomas, and his appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.) If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id.* at p. 232.) In that instance, we do "not need to write an opinion but should

notify the defendant when [we] dismiss[ ] the matter." (*Ibid*.) Because a defendant who has been denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of the record before dismissing the appeal, but we may conduct such a review at our discretion. (*Id.* at pp. 227-228, 232.)

If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On June 21, 2023, we notified Thomas by letter of the no-merits brief filed by his counsel and informed him that he had 30 days to file a supplemental brief.[4] We received Thomas's supplemental brief on August 10, 2023.

## B. Thomas Is Ineligible for Relief Under Section 1172.6

Section 1172.6 was enacted by the Legislature in 2018 as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.). The legislation's overall purpose was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, the bill

---

[4] In a declaration submitted with her brief, Thomas's counsel averred that she sent Thomas a copy of counsel's brief along with a copy of the entire record on appeal.

4

added section 189, subdivision (e) "to amend the felony-murder rule," and added section 188, subdivision (a)(3) "to amend the natural and probable consequences doctrine." (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) Senate Bill No. 775 (2021-2022 Reg. Sess.) later expanded section 1172.6 to allow persons convicted of attempted murder under the natural and probable consequences doctrine to apply for resentencing. (Stats. 2021, ch. 551, § 2.)

"[A]*ttempted* murder requires a specific intent to kill." (*People v. Mumin* (2023) ___ Cal.5th ___ [2023 WL 5282427 at p. *3].) Formerly, such malice could be implied in an attempted murder prosecution " ' "when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses." ' [Citation.] [¶] . . . The natural and probable consequences doctrine provides that ' "[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime." ' [Citation.]" (*People v. Offley* (2020) 48 Cal.App.5th 588, 595.) Now, however, because of Senate Bill No. 775, implying malice via the natural and probable consequences doctrine can no longer support an attempted murder conviction.

As relevant here, section 1172.6 provides a mechanism for a defendant to seek resentencing where (1) an information was filed against the defendant that allowed an attempted murder prosecution to proceed under the natural and probable consequences doctrine, and (2) the defendant could not now be

5

convicted of attempted murder under the present law. (§ 1172.6, subd. (a).) Thomas does not meet this eligibility test, because he was not prosecuted based on the natural and probable consequences doctrine. Instead, Thomas's attempted murder prosecution and resulting conviction were based solely on him being the actual shooter. The jury was not instructed on the natural and probable consequences doctrine, aiding or abetting, or any other theory under which malice would be implied. Thus, in convicting Thomas of attempted murder and finding true the allegation that he personally and intentionally shot the victim, the jury had to and did find Thomas was the actual shooter and that he harbored the specific intent to kill.

We therefore disagree with Thomas that he is eligible for resentencing under section 1172.6 and hold that the trial court did not err in summarily denying the resentencing petition. (*Delgadillo*, *supra*, 14 Cal.5th at p. 233 [a defendant is not entitled to relief, and a resentencing petition is properly denied at the prima facie stage, where the record of conviction makes ineligibility for relief clear].) As the sole and actual perpetrator of the attempted murder, Thomas is ineligible for resentencing as a matter of law. (*People v. Patton* (2023) 89 Cal.App.5th 649, 656-657, review granted June 28, 2023, S279670.)

Thomas's supplemental brief further argues the trial court erred in relying on the opinion from his direct appeal in assessing his eligibility for relief at the prima facie stage. Section 1172.6, subdivision (d)(3) limits the use of prior appellate opinions in resentencing proceedings such as the one here to "the procedural history of the case recited." The record is unclear for what purpose(s) the court considered the prior appellate opinion. The court's tentative opinion does not cite or reference the prior

6

appellate opinion but does include some background facts that the court may have pulled from it.  At the hearing, the court acknowledged the strictures of section 1172.6, subdivision (d)(3) but stated its view that that subdivision "applies during an evidentiary hearing."  The court then noted that it had considered the appellate opinion at the prima facie stage as part of the record of conviction, but that it was doing so "without making any findings of fact or weigh [*sic*] the evidence, and [it] believe[d it] can consider the factual history as set forth in the Court of Appeals decision without doing so."  One could read that statement, as Thomas does, suggesting that at the prima facie stage the court went beyond the procedural history in the opinion; given its surrounding context, one can also read the reference to "factual history" as an inartful statement referring to the procedural history.

Assuming for the sake of argument that the trial court considered the prior appellate opinion for an improper purpose at the prima facie stage, any error was harmless.  The trial court correctly noted that the charging document (including the special allegations), the jury instructions, and the jury's verdict showed the People did not argue, nor was the jury instructed on, aiding and abetting or the natural and probable consequences doctrine.  There was only one alleged shooter, namely Thomas, and the jury found Thomas acted with the specific intent to kill when he shot the victim.  Because Thomas was not entitled to relief as a matter of law regardless of whether the court improperly considered the prior appellate opinion, any error in considering that opinion was immaterial to the outcome here and does not require reversal. (See *People v. Owens* (2022) 78 Cal.App.5th 1015, 1027.)

7

Finally, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise is necessary. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The trial court's order denying Thomas's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.